IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| AZURE NETWORKS, LLC and<br>TRI-COUNTY EXCELSIOR<br>FOUNDATION, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 6:10-cv-681 |
| TEXAS INSTRUMENTS INC.,<br>FREESCALE SEMICONDUCTOR,<br>INC., ATMEL CORPORATION,<br>ZENTRUM MIKROELEKTRONIK<br>DRESDEN AG, ZMD AMERICA,<br>INC., NXP B.V., NXP<br>SEMICONDUCTORS USA, INC., and<br>MICROCHIP TECHNOLOGY INC., | § § § § § § § § § | JURY TRIAL DEMANDED |
| *Defendants*. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiffs Azure Networks, LLC ("Azure") and Tri-County Excelsior Foundation ("TCEF") complain against Defendants Texas Instruments Incorporated ("TI"); Freescale Semiconductor, Inc. ("Freescale"); Atmel Corporation ("Atmel"); Zentrum Mikroelektronik Dresden AG ("ZMD AG") and ZMD America, Inc. (collectively "ZMD"); NXP B.V. and NXP Semiconductors USA, Inc. (collectively "NXP"); and Microchip Technology Incorporated ("Microchip"), as follows:

**PARTIES**

1. Plaintiff Azure is a Texas limited liability company having its principal place of business in Longview, Texas.

2.     Plaintiff TCEF is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to Casa of Harrison County, a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Marshall, Texas.

3.     On information and belief, Defendant TI is a Delaware corporation having its principal place of business in Dallas, Texas.

4.     On information and belief, Defendant Freescale is a Delaware corporation having its principal place of business in Austin, Texas.

5.     On information and belief, Defendant Atmel is a Delaware corporation having its principal place of business in San Jose, California.

6.     On information and belief, Defendant ZMD AG is a German stock company having its principal place of business in Dresden, Germany.

7.     On information and belief, Defendant ZMD America, Inc. is a California corporation having its principal place of business in Melville, New York.

8.     On information and belief, Defendant ZMD America, Inc. operates as a subsidiary of Defendant ZMD AG.

9.     On information and belief, Defendant NXP B.V. is a Dutch closed corporation having its principal place of business in Eindhoven, The Netherlands.

10.    On information and belief, Defendant NXP Semiconductors USA, Inc. is a Delaware corporation having its principal place of business in San Jose, California.

11. On information and belief, Defendant NXP Semiconductors USA, Inc. is a subsidiary of Defendant NXP B.V.

12. On information and belief, Defendant Microchip is a Delaware corporation having its principal place of business in Chandler, Arizona.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. On information and belief, each Defendant has transacted business in this district and has committed acts of patent infringement in this district. Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

15. On information and belief, each Defendant has conducted substantial business in this forum, directly or through intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District. Thus, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,020,501

16. Plaintiff TCEF is the owner by assignment of United States Patent No. 7,020,501 ("the '501 Patent") entitled "Energy Efficient Forwarding in Ad-Hoc Wireless Networks." The '501 Patent was duly and legally issued on March 28, 2006. A true and correct copy of the '501 Patent is attached as Exhibit A.

17. Plaintiff Azure is the exclusive licensee of the '501 Patent, having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the '501 Patent, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Azure has the full right to enforce and/or sublicense the '501 Patent without any restriction, subject to certain encumbrances. Azure further has the exclusive right under the License to maintain, enforce, or defend the '501 Patent, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the '501 Patent and pursuing and entering into any settlement related to a claim of infringement.

18. On information and belief, Defendant TI has been and now is directly infringing the '501 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. TI's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least RF transceivers, including without limitation the TI CC2430 SOC, that infringe one or more claims of the '501 Patent, and any other product made, used, offered for sale, and/or sold by TI that infringes one or more claims of the '501 Patent. TI is thus liable for direct infringement of the '501 Patent pursuant to 35 U.S.C. § 271(a).

19. On information and belief, Defendant Freescale has been and now is directly infringing the '501 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Freescale's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States,

at least RF transceivers, including without limitation the Freescale MC1319x family, the MC1320x family, and the MC1321x family, that infringe one or more claims of the '501 Patent, and any other product made, used, offered for sale, and/or sold by Freescale that infringes one or more claims of the '501 Patent. Freescale is thus liable for direct infringement of the '501 Patent pursuant to 35 U.S.C. § 271(a).

20. On information and belief, Defendant Atmel has been and now is directly infringing the '501 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Atmel's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least RF transceivers, including without limitation the Atmel AT86RF212, that infringe one or more claims of the '501 Patent, and any other product made, used, offered for sale, and/or sold by Atmel that infringes one or more claims of the '501 Patent. Atmel is thus liable for direct infringement of the '501 Patent pursuant to 35 U.S.C. § 271(a).

21. On information and belief, Defendant ZMD has been and now is directly infringing the '501 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. ZMD's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least RF transceivers, including without limitation the ZMD ZWIR4501, that infringe one or more claims of the '501 Patent, and any other product made, used, offered for sale, and/or sold by ZMD that infringes one or more claims of the '501 Patent. ZMD is thus liable for direct infringement of the '501 Patent pursuant to 35 U.S.C. § 271(a).

22. On information and belief, Defendant NXP has been and now is directly infringing the '501 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States.  NXP's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least RF transceivers, including without limitation the Jennic JN5139 family, that infringe one or more claims of the '501 Patent, and any other product made, used, offered for sale, and/or sold by NXP that infringes one or more claims of the '501 Patent.  NXP is thus liable for direct infringement of the '501 Patent pursuant to 35 U.S.C. § 271(a).

23. On information and belief, Defendant Microchip has been and now is directly infringing the '501 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Microchip's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least RF transceivers, including without limitation the Microchip MRF24J40, that infringe one or more claims of the '501 Patent, and any other product made, used, offered for sale, and/or sold by Microchip that infringes one or more claims of the '501 Patent.  Microchip is thus liable for direct infringement of the '501 Patent pursuant to 35 U.S.C. § 271(a).

24. As a result of Defendants' infringement of the '501 Patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court enter:

A. A judgment in favor of Plaintiffs that Defendants have directly infringed the '501 Patent;

B. A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '501 Patent as provided under 35 U.S.C. § 284; and

C. Any and all other relief to which the Court may deem Plaintiffs entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Eric M. Albritton

Eric M. Albritton
Texas Bar No. 00790215
ema@emafirm.com
Steve E. Edwards
Texas Bar No. 00784008
see@emafirm.com
Debra Coleman
Texas Bar No. 24059595
drc@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
State Bar No. 00794818
jw@jwfirm.com
J. Wesley Hill
State Bar No. 24032294
wh@jwfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Danny L. Williams
Texas Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
Texas Bar No. 01150025
mike@wmalaw.com
Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com
Christopher N. Cravey
Texas Bar No. 24034398
ccravey@wmalaw.com
Matthew R. Rodgers
Texas Bar No. 24041802
mrodgers@wmalaw.com
Michael A. Benefield
Indiana Bar No. 24560-49
mbenefield@wmalaw.com
David Morehan
Texas Bar No. 24065790
dmorehan@wmalaw.com
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

***Attorneys for Plaintiffs Azure Networks, LLC
and Tri-County Excelsior Foundation***